No. 30,651.

G. A. White, *Appellee*, v. The Southern Kansas Stage Lines Company, *Appellant*.

(12 P. 2d 713.)

Opinion filed July 9, 1932.

*John W. Blood, F. W. Prosser,* both of Wichita, *Arthur J. Stanley,* of Kansas City, and *J. T. Jennings,* of Kansas City, Mo., for the appellant.

*Joel E. Osborn, Jr.,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment overruling a motion for a new trial in an action predicated on a denial of civil rights in breach of R. S. 21-2424. The basis of the motion was that the trial court abused its discretion in calling the case for trial in the absence of counsel for defendant.

Plaintiff, a colored man, sued for damages for racial discrimination against him while he was riding as a paying passenger in defendant's stage-line bus en route from Kansas City, Kan., to Oklahoma City, Okla. Plaintiff boarded the bus and sat down in the third seat from the front. He had sat there but a short time when the bus driver approached and ordered him to go back to the rear of the bus, in that part of the conveyance occupied by smokers. Plaintiff did not use tobacco and the smoke sickened him. When the bus reached Topeka plaintiff came forward and told the driver he could not stand tobacco smoke, but the driver said, "I don't care a damn; you stay there." At Emporia, where the bus halted for lunch, plaintiff was too sick to eat. He drank some soda water and bought some aspirin to relieve a headache caused by the tobacco fumes. At Wichita plaintiff was transferred to another bus, where he completed his journey in comfort; and on his return to Kansas

City he brought this lawsuit, pleading the material facts. Defendant joined issue with a general denial.

The cause was set for trial on November 8, 1931, and tried three days later. Counsel for defendant did not appear. A jury was impaneled; plaintiff adduced his testimony; the court instructed the jury; the jury retired to deliberate and eventually returned a verdict for plaintiff for $50 as actual damages and $400 as exemplary damages. Judgment was accordingly entered in plaintiff's behalf for $450.

Within three days defendant filed a motion for a new trial on the ground that defendant was prevented by unavoidable casualty and misfortune from appearing and defending the action. Defendant set up another ground, misconduct of counsel for plaintiff, but that ground was abandoned. Defendant offered to pay the accrued costs.

In support of this motion a number of affidavits were offered in evidence. These showed that J. W. Blood, of Wichita, attorney for defendant, was engaged in important law business in Topeka, Pratt, Wichita, and Oklahoma City about the time this action was to be tried, and that he was depending on another attorney for defendant, J. T. Jennings, of Kansas City, Mo., to have the cause set for trial at some time when he, Blood, could be on hand. It was also shown that Jennings, although a resident of Kansas City, Mo., and having a law office in the Missouri town, was authorized to practice law in Kansas, but he was prevented from attending to this lawsuit because he had an important rape case to try in Missouri on the same day this cause was called for trial in the Kansas court. It was also shown that on November 7, 1931, two days before the date on which this cause was on call, and five days before it was actually tried, Jennings wrote Hon. William H. McCamish, of the Wyandotte county district court, to whose division (No. 3) the cause had been assigned. The letter read:

"*Re: White v. Southern Kansas Stage Lines,* No. 39692-A. This case is on the call for next Monday morning, November 9, in your division, I am informed. That day is also the opening day for the Jackson county, Missouri, term of court, and the call of criminal cases must be answered by me. I have a rape case to defend and I have just been notified to be ready in, but can hardly get ready for Monday. Will probably have to try it about Tuesday. I will try to arrange setting in this case (above) as soon as I can get away from the Jackson county court.

"I am associate counsel for John W. Blood, general counsel for above defendant. He will have to come from Wichita and bring his witnesses with him.

I have just learned from him that he will probably be tied up at Wichita until after November 16. November 17 I will try a case on special setting in southern Missouri. Almost any time after that we can be ready, and hope the case can be held that long. Counsel for plaintiff has been informed of this situation."

Other affidavits offered in support of the motion for a new trial contained nothing of any consequence. To resist the motion it was shown that the cause had twice previously been set for trial, and when it was set for the third time counsel for plaintiff declined to agree to have it passed again, since that would carry it over the term. It was also made clear that Attorney Jennings, on whom Mr. Blood depended to get the case passed, had no ground for assuming that any further delay or continuance would be permitted. No significance can be attached to Jennings' letter to the trial judge. The district court of Wyandotte county is a busy institution. It requires four trial judges to conduct it. It is no easy matter to arrange the dockets of that court and the assignment of cases so that litigants can have their lawsuits tried with reasonable dispatch; and the circumstances would have to be extraordinary before this court would be justified in ruling that the trial judge had abused his discretion when he declined to take the case out of its third setting and pass it to a still later date in response to the letter of Jennings. There is no suggestion in the record that local counsel could not have been procured in Wyandotte county to defend the action. We note in the affidavit of counsel the statement that "defendant has a valid defense to said action," but no hint was given either in the affidavit or in the motion what the nature of that defense might be; and as no abuse of discretion on the part of the trial court or judge is shown, and as the record contains nothing to arouse our misgiving that justice may have miscarried, the judgment of the district court must be affirmed.

It is so ordered.