## KENTUCK B. PIATT, *et al.*, v. F. A. HEAD.

ARGUMENT, *Waiver of Right to Make.* Where a case is tried before the court without a jury, and at the close of the evidence the plaintiff's counsel, in the hearing of the court, ask the defendant's counsel whether they desire to argue the case or not, stating that the plaintiff's counsel do not wish to do so, and the defendant's counsel, hearing the same, do not answer, and the court then renders its decision, which is adverse to the defendant, and the defendant's counsel except to the decision, and then ask the court to permit them to argue the case, and the court refuses, *held,* not error; that defendant's counsel, by their silence, waived their right to make an argument at that time or at any time prior to their argument on their motion for a new trial.

*Error from Washington District Court.*

THE opinion states the nature of the action, and the facts. Trial at the November Term, 1884, and judgment for plaintiff *Head.* The defendants *Piatt* and *Bond* bring the case to this court.

*A. S. Wilson,* and *A. M. Hallowell,* for plaintiffs in error.
*Lowe & Smith,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by F. A. Head against Kentuck B. Piatt, F. M. Lavering and H. J. Bond, on two promissory notes executed by Piatt to Lavering and indorsed to Head, and a mortgage on real estate executed by Piatt to Lavering to secure these two notes and to secure another claim. Lavering owned and had become entitled to recover on this other claim, and set up the same in his answer, and also asked for the foreclosure of the mortgage. The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff on both of his notes and the mortgage, and also in favor of Lavering on his claim and the mortgage; and Piatt and Bond, as plaintiffs in error, bring the case to this court, making Head alone the defendant in error. Lavering

has not been made a party to the case in this court. Bond, in the court below, made default, not having either answered or appeared in the case, although duly summoned, and the pleadings of the plaintiff, Head, unquestionably authorized the judgment that was rendered in his favor. Hence Bond can certainly have no grounds for a reversal of the judgment of the court below. As to Piatt, he consented that judgment should be rendered against him upon one of the promissory notes sued on by Head, and also upon the claim set up by the defendant Lavering, and that the mortgage should be foreclosed with respect to both these claims. Hence Piatt has no ground for alleging error, except with respect to the other promissory note sued on by Head and the mortgage so far as it secures such note. This other promissory note last mentioned was executed December 26, 1882, by Piatt to Lavering for $400, and was indorsed by Lavering to Head, and became due on February 1, 1883. The defendant alleged a failure of consideration with respect to this note; that it was indorsed to Head after it became due, and that Head had knowledge of such failure of consideration. And these were the only disputed questions of fact submitted to the court below for decision. We shall assume for the purposes of this case that there was a failure of consideration for the note. There was also some evidence introduced by the defendant Piatt, tending to show that the note was transferred to Head after maturity, and that he had notice of the failure of consideration. But, on the other side, there was ample evidence introduced to show that the note was indorsed to the plaintiff before maturity, and that he did not have any notice of any failure of the consideration therefor. The court found generally in favor of the plaintiff and rendered judgment accordingly, without any argument having been made on the evidence by counsel on either side. This judgment was rendered on December 2, 1884. On December 3, 1884, the defendants, Piatt and Bond, filed a motion for a new trial, and also filed an affidavit in support of their motion. The grounds set forth in their motion for the new trial are as follows:

"1. Irregularity in the proceedings of the court during the trial.

"2. Abuse of discretion on the part of the court in refusing to allow said cause to be argued by counsel.

"3. Accident and surprise which ordinary prudence could not have guarded against.

"4. The decision is not sustained by sufficient evidence.

"5. The decision is contrary to law.

"6. Errors of law occurring at the trial and excepted to by the defendants at the time.

"7. Newly-discovered evidence material for the said defendants, which they could not have discovered and produced at the trial by the use of ordinary diligence."

The principal grounds urged for the new trial were the second, fourth and fifth, as above set forth.  The defendants, in support of said second ground, filed an affidavit of A. M. Hallowell, the attorney for the defendants, Piatt and Bond, which affidavit tended to support such ground.  On the other side, the plaintiff filed a counter affidavit of J. G. Lowe, which states, among other things, the following:

"After the evidence had been all introduced in the cause. Charles Smith, partner of the affiant and one of the attorneys for plaintiff, asked of A. M. Hallowell in a loud voice, and in the presence and hearing of the court, two or three times, if he wished to argue the case, and stated that counsel for the plaintiff did not wish to argue the cause unless counsel for defendant should wish to do so.  Counsel for defendant remained quiet, and did not answer counsel for plaintiff nor demand a right to argue.  The court then rendered judgment for plaintiff, and asked defendant's counsel if he wished to except to the ruling; counsel for defendant then took an exception, and then told the court that he would like to argue the cause.  The court then informed counsel that he was satisfied, and did not care then to hear any argument.  Every legal point in the case had been as fully argued by counsel for both parties as they desired, without limit or restraint."

This motion for a new trial was fully argued upon both sides, and was overruled by the court, to which ruling the defendants excepted.  The only question presented to this court is, whether the court below abused its discretion in refusing to hear an argument in the case after the evidence had all been

introduced and before a motion for a new trial was filed. Af-
ter the motion for a new trial was filed, and upon such motion,
a full argument was had in the court below, but the real ques-
tion presented to this court is, whether the court below erred
in refusing to hear such argument prior to the filing of the
motion for the new trial. Of course the court below knew
what had occurred in the case; and taking the affidavit of J.
G. Lowe to be true, which it evidently did, and
which we think we must also do, we cannot under
the circumstances say that the court below committed any
material error. We think the defendants waived all their
right to argue the case upon the evidence before the decision.
It seems that the case had already been sufficiently argued upon
all the legal questions involved in the case. When the plain-
tiff's counsel asked the defendants' counsel whether they de-
sired to argue the case or not, stating that the plaintiff's counsel
did not wish to do so, and the defendants' counsel failed and
refused to make any answer, the court had a right to infer that
the defendants' counsel did not wish to argue the case, and had
a right to render its decision as it did, without first hearing
any argument upon the evidence. There is no claim or pre-
tense that the defendants' counsel did not hear the plaintiff's
counsel, and unquestionably they did. The affidavit above
quoted shows that counsel for the defendants did not ask to
argue the case until after the decision of the court below had
been made, and until after they had taken an exception to such
decision. Besides, in the present case the entire case was sub-
mitted to the court for decision. The court was the trier of
the facts of the case as well as of the law, and the defendants
on the motion for the new trial had a right to make and did
make an argument to such trier upon the entire case, the facts,
the evidence, and the law. Under such circumstances, we think
a clearer case of error and a stronger case for reversal should
be made out than where the case has been tried before a jury.

In the case of *Douglass v. Hill*, 29 Kas. 527, the case was
tried before a jury, and a strong case of error was made out.
In that case there was really no excuse for refusing to permit

*Waiver of right to argue case.*

an argument to be made to the jury, and of course the judgment rendered therein had to be reversed.    In this case, however, we think there was not only a sufficient excuse but a justification for the action of the court in rendering its decision without arguments having first been made; and we think there was a sufficient excuse for the refusal of the court to hear arguments after the decision was made and prior to the time of the hearing of the motion for the new trial.    Bond was in default, and had no right to make any argument at all, and Piatt's counsel, by his action, or rather silence when he should have spoken, waived his right to make an argument at the close of the trial.

Before closing this opinion, we might suggest the question that if there was really a failure of consideration for the $400 note sued on, by Head, why did the defendant Piatt voluntarily permit a judgment to be rendered against him and in favor of Lavering, the original payee of said $400 note, for money due on still another claim still held by Lavering, and for the foreclosure of this same mortgage, which secured all the claims?    He knew that the said $400 note was a negotiable instrument, and that Head claimed to be an innocent holder thereof for value and by indorsement before maturity, and he should have been prepared to defeat all claims of Lavering up to the amount of this note.

The judgment of the court below will be affirmed.

All the Justices concurring.