THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. THE CONSOLIDATED CATTLE COMPANY.

No. 10466.

1. MOTION FOR NEW TRIAL—*court refusing to hear argument on, and overruling, where case tried by jury on conflicting oral evidence, judgment reversed without examination of merits.* The parties to a law suit have an absolute right to be heard by counsel, not only at the trial of the issues of fact but also on motions involving the substantial rights of the parties; and where the trial court refuses to hear any argument on a motion for a new trial of a case tried to a jury on conflicting oral testimony, and overrules the motion and enters judgment on the verdict, the judgment will be reversed without inquiry by this court into its merits.

2. DECLARATION OF TRAINMEN—*not admissible against railroad company unless made at time of main fact and concerning discharge of declarants' duties.* In an action to recover damages from a railroad company for injuries to cattle caused by delay in the transportation of them, the declarations of the trainmen, as to matters in the line of their respective duties and relating to the cause of delay, made at the time and while they were charged with the duty of propelling the train, are admissible against the company; but such statements must relate to their conduct or duty at the time. Narrations of past occurrences or of matters concerning which the employees making the statements had no knowledge, and which they did not make in the discharge of any duty, are inadmissible.

3. CONSIGNOR—*of cattle sold for distant delivery may sue railroad company hired by him to transport them, for delay in delivering.* One who sells cattle to be delivered at a distant place and contracts with a railroad company to transport them to the place of delivery, has sufficient interest in the cattle to enable him to maintain an action against the railroad company to recover damages for delay in transporting them.

Error from Sumner District Court.   J. A. Burnette, Judge.   Opinion filed February 5, 1898.   *Reversed.*

A. A. Hurd, O. J. Wood and W. Littlefield, for plaintiff in error.

W. W. Schwinn and Ivan D. Rodgers, for defendant in error.

ALLEN, J. The Consolidated Cattle Company sold P. Millheiser 320 head of three and four-year-old steers, to be delivered at Virgil, Kansas. The sale was made at Clarendon, Texas. Thomas Carson, the general manager of the Cattle Company, made a written contract with the Fort Worth & Denver City Railway Company for the transportation of the cattle to the place of delivery. The line of road of that company connects with the Atchison, Topeka & Santa Fe at Pan Handle City. The cattle were loaded at Clarendon in twelve cars, and transported to Pan Handle. At that place they were delivered to the Santa Fe Company under the written contract, which was ratified by its agent. The train proceeded at an ordinary rate of speed, with only one delay of about half an hour, to within a short distance of Kiowa, Kansas. There the engineer cut the engine off the train, and ran ahead to Kiowa for water. The engine was detached from the train between four and five o'clock on the morning of December 7. It had been snowing during the night and sometime in the morning the wind commenced to blow and the snow to drift. It continued to blow with increased violence through the day, and the engine did not reach the train until about eleven o'clock on the morning of the eighth, when it was again coupled to the train, and proceeded without further delay to Wellington, where the cattle were unloaded and sold.

This action was brought by the Cattle Company against the Railroad Company, to recover damages for the injuries sustained by the cattle through the delay in transportation. It is alleged in the petition that the engine used was old and unfit for use; that by reason of its condition, a sufficient quantity of water and coal could not be carried to supply it from

one station to another ; that the engine was detached from the train at the point where it was delayed near Kiowa, because the supply of coal and water had been so nearly exhausted that it could not draw the train ; that the defendant's servants after having coaled and watered the engine negligently delayed returning to the train until the snow drifts prevented them from doing so, and that the defendant was negligent in failing to provide and use proper appliances to enable the train to proceed within a reasonable time. At the trial a large amount of conflicting testimony was taken, on which the jury found for the plaintiff, and assessed its damages at $2575. Answers to special questions submitted were also returned. The defendant moved for a judgment in its favor on the special findings notwithstanding the general verdict. It also moved for a new trial on all the statutory grounds. When these motions were called, counsel for the defendant, asked to be heard in argument on both motions. The court refused to hear him, and rendered judgment in favor of the plaintiff on the verdict. This refusal is assigned as error.

The parties to a cause pending in a court have an absolute right to be heard, not only at the trial of the issue of fact but also on the motions addressed to the court involving the merits of the controversy. While this exact question has perhaps never been presented to this court, the principle is declared in many cases. *Douglass v. Hill*, 29 Kan. 527 ; *The State v. Bridges*, 29 id. 138 ; *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 id. 1, 30 Pac. 108 ; *Larabee v. Hall*, 50 id. 311, 31 Pac. 1062, and cases cited. No court is ever warranted in assuming that it fully understands the merits of a cause until it has heard the parties to it. It is always permissible to limit arguments of counsel to such

1. Refusel to permit argument by counsel, error.

reasonable time as may be necessary for the presentation of the matter under consideration. If the judge already has a well-defined opinion concerning the matter upon which he is about to pass, he may decline to hear the party in whose favor he intends to decide, but he should never refuse the other party a fair chance to convince him that he is about to commit an error. Possibly it might be held that the error in refusing to hear an argument on the motion for judgment on the special findings is not sufficient to warrant a reversal of the judgment when this court is satisfied that the question was correctly decided by the trial court. But the motion for a new trial involved not merely the rulings of the court during the progress of the trial, the instructions to the jury, and other questions of law affecting the result, but also the merits of the whole case on the testimony. It was incumbent on the trial court to review the whole case, and to pass his judgment on the justice of the verdict.

This court, it has been said in numberless cases, can never be in as favorable a position to weigh conflicting testimony and determine questions of fact from oral evidence as the trial court. On a motion for a new trial the attention of the court is for the first time challenged to the questions of fact in the case. It is at the same time challenged to all matters involved in its final determination. We cannot give any sanction to the denial to a party of all opportunity to be heard on a matter of such importance. The refusal of the court to hear argument on these motions is exceedingly unfortunate. We have before us a record of more than eight hundred pages. A re-trial will be troublesome and expensive to the parties. It is very probable that an argument, no matter how extended, would have failed to induce the court to

rule differently on the motion. A little time devoted to the hearing might have avoided all this unnecessary trouble. Yet we see no ground on which we can sustain a decision following an absolute denial of all right to be heard on the matter under consideration.

While our reversal of the case will rest mainly on this error, some other questions likely to recur at another trial require attention. Witnesses were permitted to testify to the statements made by the trainmen with reference to the cause of delay while the train was standing near Kiowa. These declarations were admitted as *res gestæ.* It is contended that some of them were, in fact, nothing but statements concerning past occurrences, that they were in the nature of admissions, and as such not binding on the Railroad Company. It is often a matter of much difficulty to determine just what declarations are so connected with the transaction under consideration as to be properly admissible in evidence. The train with the plaintiff's cattle on board was at a standstill from early in the morning of the seventh till nearly noon of the eighth. During that time conversations were had between those in charge of the stock and the trainmen. Such statements as were made by the engineer and conductor, as reasons why they did not then proceed on the journey with the cattle, were admissible as a part of the *res gestæ.* So, also, communications made by the brakemen to the conductor with reference to the performance of their duties and the existing condition of the train were proper. But such statements as were mere narrations of past events, not explanatory of the existing condition of the train, should have been excluded. In *Coal Co. v. Dickson* ( 55 Kan. 62 ) it was said :

"The general rule is, that admissions of an agent, in order to bind the principal, must be made in the

2. Declarations of trainmen not admissible.

course of his employment and in connection with and as explanatory of something that he does by authority of his employer. Mere narrations of past occurrences, or admissions disconnected from any service for his employer, are subject to the objections which exclude hearsay testimony."

The trainmen were charged with the duty of transporting the cattle to their destination. They were the representatives of the Railroad Company in the performance of that service. Their conduct and declarations explanatory of their conduct were binding on the defendant.

We do not deem it necessary to pass on each of the questions objected to. None of the objectionable testimony appears to us of such importance as to compel a reversal of the case, but on a re-trial the court should enforce the rules governing the admission of such testimony with a little more care and strictness.

There is no merit in the claim that the plaintiff had not sufficient interest in the cattle to maintain this action. Though a sale to Millheiser had been agreed on, the cattle were to be delivered by the plaintiff at Virgil, Kan. Millheiser saw the cattle at Wellington, and refused to receive them in their damaged condition. The title to the property had not passed. They were in course of transportation, under a contract made by the plaintiff with the defendant, and it is clear that the plaintiff had a right to maintain an action on it. Nor does there appear any difficulty with reference to the service of the notice required by the shipping contract, of the plaintiff's claim of damages. The defendant was informed both by verbal and by written notice of the plaintiff's claim, and had ample opportunity to inquire into the circumstances. The motion

3. Shipper may sue for delay in delivering cattle.

for judgment in favor of the defendant on the special findings is without merit, but for the reasons already stated the judgment must be reversed and a new trial ordered.