Dent v. Simpson.

---

G. S. DENT, *Appellant*, v. J. H. SIMPSON *et al.,* *Appellees.*

No. 15,873.

M. E. SWEETLAND, *Appellant*, v. J. H. SIMPSON *et al.,* *Appellees.*

No. 15,874.

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Denial of Right to Have Cause Argued Must Affirmatively Appear.* Parties have the absolute right to have their cause argued by counsel before the decision is rendered, whether it is tried to the court or a jury. But, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel have not waived the right by silence or acquiescence. The record should affirmatively show that permission to argue was refused.

2. SURVEYS AND BOUNDARIES—*Evidence—Public Record—Surveyor's Report.* The certified record of a county surveyor's report of a survey recorded in the office of the register of deeds under the provisions of section 1821 of the General

Statutes of 1901 is admissible in evidence with the same effect as the original.

3. ——— *Evidence—Public Record of Former Survey Made without Due Notice.* On appeal from a county surveyor's report establishing boundary-lines the record of a former survey is admissible in evidence for the purpose of explaining the survey in controversy, and is *prima facie* evidence, although the record may not show that such former survey was made with notice to all parties in interest.

4. NEW TRIAL—*Newly Discovered Evidence Held Not Cumulative.* On appeal from the report of a county surveyor establishing boundary-lines the surveyor testified that he was unable to find the government corner between the sections and that he established the corner about fifty feet distant from the point which the plaintiffs claimed was the true corner, The whole controversy turned upon the location of the government corner, which the plaintiffs sought to prove by circumstantial evidence, no witness testifying where the stone marking the corner actually is or was located. The court rendered judgment approving the surveyor's report. In support of a motion for a new trial the plaintiffs produced the affidavit of a witness who testified that he knew the true location of the corner; that he was road overseer twenty years before and graded the road; that the corner in dispute was then marked by a stone which was in the middle of the road and was visible; that in grading the road he plowed over and covered up the stone; that after the trial he went to the place and stepped the distance from the edge of the road to the point he calculated the stone would be, and there dug down and found the original stone, in the same location that it was when he graded the road and as it was originally placed to mark the corner and the boundary-line between the sections. *Held,* the newly discovered evidence was not cumulative, and it was error to refuse a new trial.

Appeal from Harper district court; PRESTON B. GILLETT, judge. Opinion filed December 11, 1909. Reversed.

*E. C. Wilcox,* for the appellants.
*T. A. Noftzger,* for the appellees.

Dent v. Simpson.

The opinion of the court was delivered by

PORTER, J.: The controversy here involves the boundary-lines of sections 16, 17, 20 and 21, in township 32 south, of range 5 west of the sixth principal meridian, in Harper county, Kansas. In January, 1906, the county surveyor made a survey on due notice to all parties in interest. The plaintiffs in each case, Dent and Sweetland, appealed from the survey proceedings to the district court, where judgment was rendered approving the report of the surveyor. The plaintiffs have brought the cases here for review.

We are asked to reverse the judgment because the court refused to hear arguments of counsel. The trial lasted two days and a large number of witnesses were examined, including former county surveyors and persons who had assisted in former surveys, and others who claimed to be familiar with the boundary-lines. At the conclusion of the testimony the court announced that the case would be postponed until the following week and that the attorneys would be notified on what day arguments would be heard. No notice was given and the court adjourned. Afterward the court announced that the case would be heard on a certain day. On that day the attorneys appeared, and it is claimed that without giving them an opportunity to argue the case or comment on the evidence the court rendered its decision. There is nothing to indicate that the plaintiffs made any request at this time to be permitted to argue the case or even suggested a desire to do so; they took no objection or exception to the action of the court in rendering the decision without argument. The whole matter is brought upon the record by the affidavit of one of the plaintiffs, and this affidavit, which was used in support of a motion for a new trial, is as silent as the rest of the record concerning the attitude of counsel at the time the decision was ren-

dered. Where the court is the trier of facts the parties have the absolute right to have the case argued by counsel before the decision is rendered. (*Railroad Co. v. Cattle Co.,* 59 Kan. 111, 113, and cases cited.) But, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel have not waived the right by their silence or acquiescence. (*Piatt v. Head,* 35 Kan. 282, 285.) On the contrary, the record should affirmatively show that permission to argue was denied by the court.

A more serious claim of error is the refusal to grant a new trial. The whole controversy hinged upon the location of the government corner between the four sections of land. In his testimony the surveyor stated that he was unable to find the government corner and that the corner as established by him was about fifty feet south of where the road ran east and west; that the plaintiffs were present at the survey and contended that the government corner was about the center of the road, but he could not tell absolutely whether that was the government corner or not. On the motion for a new trial the affidavits of several witnesses were produced and proper diligence was shown. Some of the affidavits tended strongly to support the plaintiffs' contention as to the location of the corner and that the boundary-lines and improvements had been placed with reference to it for twenty-nine years, but being merely cumulative they afford no support to the claim that the refusal of the motion for a new trial was an abuse of discretion.

The affidavit of C. A. Cluff was of a different character. He stated in substance that he knew where the corner in question was located; that he was road overseer in 1889 and graded the road on the south side of sections 16 and 17; that the corner in dispute was then marked by a stone that was in the middle of the road and was visible; that in grading the road he plowed over and covered up the stone; that he graded the road

Dent v. Simpson.

an equal distance (thirty feet) on each side of this stone, leaving the corner directly in the middle of the road; that he knew nothing of the new survey until after the trial, when he informed one of the plaintiffs that he knew the exact location of the stone and that he could find it; that he went and stepped the distance from the edge of the road to the place he calculated the corner stone would be, and there dug down and found the original stone, in the same location that it was when he graded the road, and as it was originally placed to mark the corner and the boundary-line between the four sections. This was in no sense cumulative. On the trial the plaintiffs attempted to show the true location of the government corner by circumstantial evidence from the recollection of numerous witnesses, as to where it stood with reference to the hedgerows and other improvements, but no witness testified where the stone actually is or was located. Here is a witness who states that he knows where the original stone was located and since the trial has found the identical stone in the same location where he covered it up twenty years before. This was direct, positive testimony as to the true location of the government corner and the existence and identity of the ancient landmark—the meat of the whole controversy. It is, of course, subject to contradiction, and therefore not conclusive. But, for the reason that it differs wholly from the kind of evidence from which the location of the original government corner was sought to be proved on the trial, it is not cumulative. Cumulative testimony is of the same character, the same kind and degree offered to establish a fact to which witnesses have already testified. (*The State v. Tyson*, 56 Kan. 686; *Building Assn. v. McMullen*, 59 Kan. 493; *Bousman v. Stafford*, 71 Kan. 648; 12 Cyc. 992; 29 Cyc. 907-909, and cases cited.) The situation presented is like a case where the disputed fact is whether some person who has long disappeared is dead and the court

finds on circumstantial evidence that he is dead. On a motion for a new trial affidavits are produced from persons who have known him all his life, stating that he is alive and has returned and is then within the jurisdiction of the court. Under the circumstances it was error to refuse a new trial. As the cause must be retried, other questions raised in the brief will be considered.

The record of a former survey, made in 1886, was introduced in evidence, and objected to on the ground that there is no authority in law for the recording of field notes and plats in the office of the register of deeds and for that reason the record was inadmissible. In 1886 the law provided that when any report should become final it should be the duty of the register of deeds to file and record the same in his office. (Laws 1879, ch. 177, § 3.) As the plaintiffs contend, there is no authority at this time for recording the original record of field notes and plats in the office of the register of deeds, but there was such authority in 1886 and until the law was amended in 1891. The present law (Gen. Stat. 1901, § 1821) provides that when the report of the survey becomes final the county surveyor shall record the same in the record of permanent surveys, and shall also make a certified record thereof, which shall be filed in the office of the register of deeds. Under the law as it now reads, either the original or the certified record which the statute provides shall be recorded in the office of the register of deeds is admissible. (Civ. Code, § 387a; Gen. Stat. 1901, § 4836.)

The record of another survey found in the surveyor's office was introduced, and the contention is that it was incompetent because it failed to disclose notice to all parties concerned, and that the plaintiffs could not be bound by a survey made without notice to them. The abstract fails to show any objection to the admission of the record on this ground, or, indeed, any ob-

jection whatever.   But assuming that the record, if examined, would disclose such an objection, the contention can not be sustained.   The case of *Heacock v. Sullivan*, 70 Kan. 750, which is relied upon by the plaintiffs, has no application here.   In that case the plaintiff sought to enjoin the laying out of a public road on the ground that the proceedings were void, and it was properly held that because the record failed to show statutory notice the proceedings were invalid; but the opinion nowhere holds that the record was not admissible in evidence.   In the present case the issue was not whether the former survey was valid or binding upon the parties but whether the court should approve the new survey, and the record of the former survey was admitted for the incidental purpose of explaining the survey in controversy.   Besides, the provisions of the code, supra, make all such records *prima facie* evidence.

The judgment in each case is reversed and a new trial ordered.