M. L. BOWEN, *Appellee*, v. JOE TIMMER, *Appellant*.

No. 17,636.

HEADNOTE BY THE REPORTER.

1. REVIEW — *Trial — Evidence — Instructions — Confusion.* The civil code dispenses with the necessity of taking or saving exceptions to instructions.

2. ———— After reviewing evidence and instructions relating to transactions not within the issue, it is believed that the jury was misled, and a new trial is awarded.

Appeal from Wyandotte district court. Opinion filed May 11, 1912. Reversed.

*James F. Getty,* for the appellant.

*George W. Littick,* for the appellee.

*Per Curiam:* This action was to recover damages for the alleged conversion of household goods. The appellant claimed the right to hold the goods under a pledge for rent of certain rooms and a small item for plumbing. The appellee denied the pledge altogether, and contended that there was no rent due, but only two dollars for previous storage, and that the appellant owed her a small sum for cleaning the rooms, exceeding in amount the bills for storage and plumbing. Upon conflicting evidence the jury returned a verdict for an amount including, apparently, the full value of the goods as claimed by the appellee, and a considerable sum in excess, presumably as exemplary damages, although not separately stated.

The evidence took a wide range, covering past transactions which had been fully settled. There was considerable repetition of evidence allowed, and some confusion ensued, causing the court to intervene in the examination of witnesses and to make statements which, although not objected to at the time, are criticized in the brief. We discover no specific error in

Bowen v. Timmer.

these proceedings, but it is obvious that a better understanding of the material facts would have been secured if the trial had been confined more closely to the issues. This diffusive character of the evidence appears to have led the court in giving instructions to confuse transactions not in issue, and which had been terminated and settled, with the real matters in controversy to such an extent that, considering the character of the evidence and upon a careful review of the whole case, it is believed the jury were misled.

It is argued that there was no objection to the instructions, and therefore they can not be reviewed. After reading the instructions the court asked the parties to note their exceptions, but there were no objections or exceptions. Exceptions are no longer necessary in our practice (*Cobe v. Coughlin,* 83 Kan. 522, 526, 112 Pac. 115), and it is probable that counsel understood the court to refer to the former practice in noting exceptions (Old Civ. Code, § 276, Gen. Stat. 1901, § 4723), and did not intend to consent to the instructions given or waive their right to have them reviewed on a motion for new trial or appeal to this court. Fairness to the court should prompt counsel to call attention to such errors seasonably, and they may be held to waive their right to relief where their conduct, expressions or silence show acquiescence in an erroneous declaration of law or evince a purpose to take advantage of unguarded expressions that would have been promptly corrected if pointed out. In this instance, however, we find nothing indicating a purpose to waive a legal right or to take an unjust advantage.

Upon the whole record, it is believed that justice requires that the case should be tried anew. The judgment is reversed, with directions to grant a new trial.