No. 42,048

SHERRILL BOUCHER, *Appellee*, v. L. W. ROBERTS, *Appellant*.

(859 P. 2d 830)

Opinion filed March 4, 1961.

*Henry E. Martz,* of Wichita, argued the cause, and *Clyde Wendelken, Jr.,* of Wichita, was with him on the briefs for the appellant.

*A. Martin Millard,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff (appellee) brought this action to recover from defendant (appellant) money allegedly due him under the terms of a written contract of employment. From a verdict and judgment in plaintiff's favor, defendant appeals.

Plaintiff's petition alleged in substance that in July, 1950 the parties entered into an oral agreement whereby plaintiff undertook the management of three insurance agencies owned by defendant. Subsequently, and in June, 1951, the parties entered into a written "Management Contract," under which plaintiff agreed to accept full responsibility for the management of the three agencies, to sell insurance to the best of his ability and to carry on the business, for which he was to receive from the agencies thirty per cent of the net profits. At any time arrangements were not satisfactory, plaintiff agreed to terminate his employment for a lump sum of $2,000, plus his share of the net profits to date of termination. It was further alleged that plaintiff performed his obligations under the agreement until May, 1953, when defendant terminated plaintiff's employment; that defendant accounted to plaintiff for plaintiff's share of the net profits of the agencies but breached that portion of the contract relating to the payment of the lump sum of $2,000; that defendant failed to pay said sum on demand, and plaintiff asked for judgment therefor.

Defendant's answer admitted plaintiff's employment and the payment to plaintiff of all sums due him by reason of the earnings or profits of the insurance agencies but denied that the written agreement represented or was intended to represent any contract between them or that he was indebted to plaintiff. Plaintiff joined issues by way of a general denial.

At the close of the evidence, the trial court prepared written instructions to the jury and submitted copies thereof to counsel. The court advised counsel for the respective parties that each would be given thirty minutes to argue his cause to the jury. Plaintiff's counsel then waived oral argument; whereupon, defense counsel stated, "Under the rule that precludes me from making an argu-

ment." The case was then submitted to the jury, which, after deliberation, returned into court a verdict in favor of the plaintiff. Defendant filed his motion for a new trial, predicated on the ground that the court erred in its instructions and in denying his right to argue his cause to the jury. From an order overruling defendant's post-trial motion, he appeals.

Defendant first contends that the trial court failed to define the issues and, therefore, the jury was not properly instructed. We find no merit in this contention. A careful reading of the instructions given reveals that the trial court defined the issues and stated generally the law applicable to the case (G. S. 1949, 60-2909, *Fifth*). Copies of the instructions were given the respective counsel prior to the submission of the case to the jury. Counsel for the defendant made no objection to the instructions at the time nor did he request any further or special instructions, and, therefore, the instructions given became the law of the case and were controlling on appeal. (*Dixon & Ebert Co. v. Hicks,* 181 Kan. 953, 317 P. 2d 407; *In re Estate of Cross,* 186 Kan. 590, 594, 352 P. 2d 427.)

We have said many times that under our statute (60-2909 *Fifth*) if a party desires more specific instructions, it is his duty to make a request therefor. We have repeatedly held the failure of the trial court to instruct specifically on a given proposition cannot be properly assigned as error when no request for such instruction was made. (*Dixon & Ebert Co. v. Hicks,* supra; *Baker v. Western Cas. & Surety Co.,* 164 Kan. 376, 190 P. 2d 850.) The complaint that instructions given should have included additional matter is unavailing in the supreme court when such instructions did not incorrectly state the law, no objection was made to any of them, no modification of any of them was suggested and no special instruction was requested. (*Dixon & Ebert Co. v. Hicks,* supra; and cases therein cited, and *Lambert v. Rhea,* 134 Kan. 10, 14, 4 P. 2d 419.)

We find no merit in defendant's contention that he was denied the right to argue his cause to the jury. The record clearly shows that the trial court granted each counsel thirty minutes for argument. Plaintiff's counsel waived argument in open court and defendant's counsel then said, "Under the rule that precludes me from making an argument." He did not ask the court to rule upon his right to argue in view of plaintiff's waiver nor did he take advantage of the court's prior order granting him such right, but apparently sat idly by and permitted the court to submit the case to the jury.

At no place in the record is it disclosed that defendant's counsel was refused the right to argue his cause.

It is true that each party has the absolute right to have his case argued by counsel before the decision is rendered, whether it be tried to a court or a jury. However, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel has not waived the right by silence or acquiescence. The record should affirmatively show that permission to argue was refused. (*Dent v. Simpson*, 81 Kan. 217, 105 Pac. 542; *Piatt v. Head*, 35 Kan. 282, 10 Pac. 822.)

The approved practice of dealing with trial errors is to make timely objection to them as they arise. Fairness to the court should prompt counsel to call attention to such errors seasonably, and he may be held to waive his right to relief where his conduct, expressions or silence shows acquiescence in an erroneous declaration of law or evinces a purpose to take advantage of unguarded expressions that would have been promptly corrected if pointed out. (*Todd v. Central Petroleum Co.*, 155 Kan. 249, 256, 124 P. 2d 704; *State v. Pyle*, 143 Kan. 772, 782, 57 P. 2d 93, and other cases cited therein; *Bowen v. Timmer*, 87 Kan. 162, 123 Pac. 742.)

In view of what has been said, we are of the opinion that the trial court had the right to assume from the acts and conduct of defendant's counsel that he did not wish to argue the case and that he waived such argument.

The judgment of the trial court is affirmed. It is so ordered.