No. 42,685

JOHN H. RICHA, Individually, and JOHN H. RICHA, As Trustee of the Estate of Charles B. Jones, *Appellees,* v. WICHITA PRECISION TOOL COMPANY, INC., a Corporation, *Appellant.*

(373 P. 2d 201)

Opinion filed July 7, 1962.

*Verne M. Laing,* of Wichita, argued the cause, and *Lester L. Morris, Fred E. Evans, Jr., Ralph R. Brock, Joseph W. Kennedy, C. Robert Bell,* and *Charles J. Woodin,* all of Wichita, and *Gordon D. Schmidt, Donald E. Johnson, Robert D. Hovey, Warren N. Williams,* and *Don B. Bradley,* all of Kansas City, Missouri, were with him on the briefs for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and *Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Loren B. Corliss,*

and *Charles M. Cline, Jr.,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an action by which John H. Richa, individually and as trustee of the estate of Charles B. Jones (hereinafter referred to as appellees), seeks to recover from the Wichita Precision Tool Company, Inc. (hereinafter referred to as appellant), royalties alleged to be due under a non-exclusive license agreement dated December 30, 1953. The license agreement covered one basic patent which expired April 21, 1958, and six other patents, all relating to "garment finishers" for use in pressing and shaping garments after they had been cleaned. It granted appellant the right to make, use, and sell garment finishers "embodying the improvements disclosed and claimed" in such patents. All royalties were paid until the basic patent expired. Appellant then notified appellees that no further royalties would be paid, and stopped attaching any of the patent numbers covered by the license agreement to its machines.

Appellant then continued manufacturing machines or apparatus under its trademark "Adjusta-Form," which it contends do not fall within the scope and protection of the claims of any of the existing patents covered by the license agreement.

After joinder of issues the case was tried by the district court which rendered judgment in favor of the appellees (plaintiffs) and the appellant (defendant) has appealed.

Before proceeding to consider the merits of the case there is a question of trial procedure which, as will be presently disclosed, must be determined.

The appellant presents the following question:

"May the Trial Court deny to a party the absolute right to argue its case after said party has expressly stated to the Court that it desired argument, especially in a case involving the complex and technical law relating to United States Letters Patent?"

In support of the contention it was denied an opportunity for final argument appellant directs our attention to the record which disclosed that, at the conclusion of the trial on July 21, 1960, the following colloquy occurred between court and counsel:

"The Court: Gentlemen, what is your pleasure with regards to argument of the case at this time. I have this feeling, and as I stated earlier today I believe, and the Court is very humble about the situation, I know very little

patent law, and I don't believe there is too much patent law involved really, but on the other hand there are a lot of exhibits to go through and a lot of evidence to go through and quite a number of patents, at least one patent that I shall go through in detail. Counsel have asked for findings of fact and conclusions of law. I realize that some of counsel are out of town. I wonder if it would be better to permit the court to go through this, maybe require you to brief it if you care to. You have asked for findings of fact and conclusions of law. If the defendant cares to submit any—I'll require the plaintiff to because he is the one that requested them, *and then permit oral argument.*

"Mr. Schmidt (counsel for appellant): Yes, Your Honor, we would like to submit proposed findings and conclusions and would be very happy to return for oral argument after that.

"The Court: Do you think it would be more helpful now to argue the matter or would it be better after you submitted your proposed findings of fact and conclusions of law?

"Mr. Schmidt: I would say as Your Honor wishes. We'll be happy to clarify this for you from a patent standpoint in oral argument now or wait until the proposed findings and conclusions are submitted.

"Mr. Blaes (counsel for appellees): In my judgment we would be of more help to you when the findings and conclusions are ready to be studied after you study them.

"The Court: I think so too. That would give me an opportunity to study it . . .

"The Court: Well, I anticipate taking *some* vacation time about the 1st to the 15th of August . . . Probably we better ask counsel, if they can—I know your vacation time is coming up, if you can have those by the 1st of September.

"Mr. Blaes: That'll be satisfactory.

"The Court: *At that time we will set up a date and have argument.* Is that satisfactory?" (Emphasis supplied.)

Counsel for both parties filed their requests for findings of fact and conclusions of law with the trial court on August 26, 1960.

Thereafter, and on May 10, 1961, without previous notice to counsel, without argument by counsel and without a transcript being prepared, the court announced its findings of fact and conclusions of law.

The final finding of fact stated:

"The Court further finds generally for the plaintiffs and against the defendant."

and the last conclusion of law read:

"That plaintiffs are entitled to judgment against the defendant in the sum of $500 per month from April, 1958, with interest to date of payment."

From the foregoing it is apparent the findings and conclusions completely disposed of the issues.

Within three days after the trial court announced its findings of fact and conclusions of law, *i. e.*, on May 12, 1961, appellant filed a motion to set aside, modify and correct such findings and conclusions. It also filed a motion for a new trial. Among other causes stated as grounds for the granting of such motion, were: Abuse of discretion by the court; surprise which by ordinary prudence could not have been guarded against; and that appellant was not afforded a reasonable opportunity to be heard on the merits of the case.

The motions were fully presented and argued to the court on June 5, 1961. Thereafter, and on the same day, the court made some amendments to the findings and conclusions, not disclosed by the record, and then entered judgment for the appellees, effective as of May 10, 1961.

With respect to the important procedural question now under consideration pertinent provisions of the journal entry of judgment, filed June 22, 1961, read:

". . . After the introduction of all evidence the Court took the matter under advisement and called upon counsel for the respective parties to submit suggested findings of fact and conclusions of law, with permission granted to submit briefs. *As shown by the record, attorneys for both parties requested the Court to hear arguments,* but the court stated that he did not wish to hear arguments until after the suggested findings and conclusions had been submitted.

"Thereafter, on the 10th day of May, 1961, *and without further argument by counsel for the respective parties,* and with no transcript of the trial proceedings having been prepared, the Court announced findings of fact and conclusions of law which are set out more fully in this journal entry as amended by order of the Court on June 5, 1961." (Emphasis supplied.)

The appellant's notice of appeal covers the findings of fact and conclusions of law made and entered on May 10, 1961. It also includes the trial court's action in overruling its motion for a new trial. Three of appellant's specifications of error in this court are that the trial court erred:

"In making findings of fact and conclusions of law ten months after actual trial without having obtained transcript of the evidence, after so much time had elapsed subsequent to the trial.

"In refusing to permit counsel to argue this case.

"In overruling defendant's motion for new trial."

From what has been heretofore stated it becomes obvious the heretofore described procedural question as raised by appellant is not only subject to appellate review but should be determined in connection with the error assigned in the overruling of its motion

for a new trial before giving consideration to other questions raised and presented regarding the merits of the case. Therefore we turn directly to such question.

Directing attention to our statute it should be noted at the outset that G. S. 1949, 60-2909, *Seventh,* provides:

"After the instructions have been given to the jury, the case may be argued."

and that the foregoing section is made applicable to trials by the court by the provisions of G. S. 1949, 60-2929, which read:

"The provisions of this article respecting trials by jury apply, so far as they are in their nature applicable, to trials by the court."

Our system of jurisprudence is founded on the proposition that every litigant has a right to be heard. The right to be heard carries with it the absolute right to be represented by counsel, and the right of counsel to assist the court by oral argument in analyzing the evidence and applying the law.

Long ago, as early as 1883, with existing statutory provisions similar to those just quoted, this court in *Douglass v. Hill,* 29 Kan. 527, announced the following rule:

". . . Counsel insist that wherever a question of fact is submitted to a jury, counsel has a right to be heard in argument thereon; and while it is conceded that the court has a discretion in restricting the time to be occupied in such argument, claim that to refuse any argument is a denial of an absolute right, and manifest error. As a general proposition we think this is unquestionably true. A party to a law suit has a right to be heard, not merely in the testimony of his witnesses, but also in the arguments of his counsel. It matters not how weak and inconclusive his testimony may be, if it is enough to present a disputed question of fact upon which he is entitled to a verdict of the jury, he has a right to present in the arguments of his counsel his view of the case. *This is no matter of discretion on the part of the court, but an absolute right of the party . . .*" (pp. 528, 529.) (Emphasis supplied.)

In *Railroad Co. v. Cattle Co.,* 59 Kan. 111, 52 Pac. 71, it is said:

"The parties to a cause pending in a court have an absolute right to be heard, not only at the trial of the issue of fact but also on the motions addressed to the court involving the merits of the controversy. While this exact question has perhaps never been presented to this court, the principle is declared in many cases. *Douglass v. Hill,* 29 Kan. 527; *The State v. Bridges,* 29 id. 138; *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 id. 1, 30 Pac. 108; *Larabee v. Hall,* 50 id. 311, 31 Pac. 1062, and cases cited. No court is ever warranted in assuming that it fully understands the merits of a cause until it has heard the parties to it . . ." (p. 113.)

See, also, *Dickinson v. Beal,* 10 Kan. App. 233, 62 Pac. 724, where it is said:

"The second contention is that the court refused to hear counsel for the

plaintiff upon the questions of law involved in the case, at the conclusion of the evidence and before the instructions were given to the jury. This presents the question as to whether a party has a right to demand to be heard by counsel upon questions of law involved in a case and to be given to the jury for their direction in determining the facts of a case, or whether that is a mere privilege which the court may withhold at its pleasure . . ." (pp. 235, 236.)

and the court concluded, "We think it was prejudicial error to refuse a hearing thereon."

Our later case of *Dent v. Simpson*, 81 Kan. 217, 105 Pac. 542, states the general rule as well as the exception. It reads:

". . . Where the court is the trier of facts the parties have the absolute right to have the case argued by counsel before the decision is rendered. (*Railroad Co. v. Cattle Co.*, 59 Kan. 111, 113, and cases cited.) But, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel have not waived the right by their silence or acquiescence. (*Piatt v. Head*, 35 Kan. 282, 285.) On the contrary, the record should affirmatively show that permission to argue was denied by the court." (p. 220.)

In paragraph 3 of the Syllabus in the recent case of *Boucher v. Roberts*, 187 Kan. 675, 359 P. 2d 830, this court once again made a positive statement of the general rule and the exception. See, also, page 678 of the opinion which reads:

"It is true that each party has the absolute right to have his case argued by counsel before the decision is rendered, whether it be tried to a court or jury. However, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel has not waived the right by silence or acquiescence. The record should affirmatively show that permission to argue was refused. (*Dent v. Simpson*, 81 Kan. 217, 105 Pac. 542; *Piatt v. Head*, 35 Kan. 282, 10 Pac. 822.)"

Appellees suggest that nothing in the record amounts to a clear request for an opportunity to argue the case and, therefore, the right to argue was waived. Without repeating what has been heretofore presented from the record, it suffices to say that the previously quoted colloquy between the court and counsel, and the emphasized statements in the journal entry, which under our decisions (*Stock v. Union Pacific Railroad Co.*, 183 Kan. 659, 663, 331 P. 2d 549; *State v. Hess*, 178 Kan. 452, 456, 289 P. 2d 759; *City of Wichita v. Catino*, 175 Kan. 657, 660, 265 P. 2d 849) must be assumed to be correct, clearly refute the suggestion. Of a certainty it cannot be denied that the court definitely stated that after the suggested findings of fact and conclusions of law were filed it would fix a date for argument.

Appellees further suggest that appellant was given a full oppor-

tunity to be heard on post trial motions. We cannot agree our existing decisions warrant or permit a conclusion that an argument to reverse, revise or amend is the equivalent of an argument before the issues are determined.

There may be some cases where the matter sought to be argued has so little import on the issues that the refusal will be considered immaterial and nonprejudicial. Be that as it may, we do not have an immaterial issue presented here. The court very frankly stated at the close of the hearing:

"Gentlemen, what is your pleasure with regards to argument of the case at this time. I have this feeling, and as I stated earlier today I believe, and the Court is very humble about the situation, *I know very little patent law, and I don't believe there is too much patent law involved really,* but on the other hand there are a lot of exhibits to go through and a lot of evidence to go through and quite a number of patents, at least one patent that I shall go through in detail." (Emphasis supplied.)

The court did, however, some ten months after the hearing, without benefit of a transcript and without benefit of argument by counsel, make findings of fact and conclusions of law on issues which are germane to a patent infringement action.

The court found as a matter of fact:

"3. The question involved is whether or not the garment finishing machine was within the disclosures and claims number 1 and 2 of U. S. Letters Patent No. 2,459,962.

"6. That plaintiffs' claims 1 and 2 of Patent No. 2,459,962 and disclosures read on the defendant's Models P-2 and A-3 and same are covered by the agreement between the parties, and that the defendant is liable to plaintiffs for the maximum royalties as provided by said contract and stipulated to by the parties."

and it concluded as a matter of law:

"3. That claims 1 and 2 of Patent No. 2,459,962 read on defendant's garment finishing machine Models P-2 and A-3."

Appellees make the following statement in their brief:

"While this is a contract action, the question of whether or not the accused structures come within the scope of the claims is similar to the test that would be applied in an infringement action."

Little more need be said. We are convinced it affirmatively appears from the facts of record that appellant was denied the right to argue the merits of this case and that it did not waive that right by either silence or acquiescence. Therefor in the face of our established decisions, to which we adhere, and for reasons herein stated

we hold the trial court should have heard counsel on the issues of fact and the law applicable and erred in failing to do so.

Under the issues as presented, we will not review the record for the purpose of determining whether substantial justice has been done. We adhere to the theory that substantial justice is not done unless a litigant is given an opportunity to be heard. Unless counsel on timely request is given the right to analyze the facts and present his theory as to the application of the law, the litigant has not been heard. The right to be heard is a matter of both private and public consequence. Argument by counsel has always been considered, by the courts of this state, and should continue to be considered as an effective aid in rendering justice.

The judgment is reversed and the case remanded with directions to grant a new trial.