No. 43,398

FARMERS UNION CENTRAL COOPERATIVE EXCHANGE, a Kansas Corporation, *Appellant,* v. J. G. TOMSON, JR., d/b/a TOMSON HYBRID SEED CORN COMPANY, *Appellee.*

(387 P. 2d 202)

Opinion field December 7, 1963.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Richard P. Royer,* of St. Marys, and *Sam A. Crow, Ralph E. Skoog* and *Bill G. Honeyman,* all of Topeka, were with him on the brief for the appellant.

*Robert Hecht,* of Topeka, argued the cause, and *Allen Meyers, Herbert A. Marshall* and *Doral H. Hawks,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action to recover the balance of $2,000 due on the sale of three-year-old seed corn, the plaintiff contending such balance was due on an account stated. The defendant cross-petitions, alleging breach of a warranty as to germination and an oral agreement to adjust the price. The case was tried to the court.

Without giving counsel an opportunity to argue the court announced its decision and entered judgment, finding the $2,000 to be due from the defendant to the plaintiff, but also finding that the plaintiff should pay the defendant $3,208.60, resulting in a judgment for the defendant in the sum of $1,208.60. Costs were divided between the parties.

Appeal has been duly perfected by the plaintiff.

The controlling question is whether the trial court erred in denying appellant's right to have counsel argue its cause before the decision was announced by the court.

At the close of the evidence on September 12, 1961, the trial court stated:

"Now, as I started to say awhile ago, I suppose counsel will want a record that has been made in the last couple of days to go through before they submit their requested findings of fact and conclusions. Now then, I suggest that that be prepared and submitted and that the case could be argued then all at one time. When that time comes we can arrange a time that is agreeable for hearing on it."

To the foregoing statement counsel for the appellant replied, "Yes, sir," and counsel for the appellee, "Very well."

On March 14, 1962, the trial judge in his letter transmitting copies of his conclusions of fact and law, and advising counsel of his decision, stated as follows:

"As you will remember on July 20, September 11th and September 12, 1961, evidence was taken in the above case. When the evidence was all completed and because of a prior request for conclusions of fact and of law, it was arranged that suggested conclusions be submitted by each side *and after they were submitted that the case stand for argument.* As indicated this last step in the case occurred on September 12, 1961. Subsequent to that time suggested findings and conclusions were submitted by counsel for the defendant. I waited patiently for suggested findings and conclusions by the plaintiff. None have been received.

"It is my thought that this matter has delayed long enough.

"To a large extent the suggested findings of the defendant have been adopted and I enclose herewith conclusions of fact and of law, the original of which I am this date filing with the Clerk of the District Court. As a consequence judgment it is being entered for the defendant on his cross petition this date in the amount of $1,208.60. Costs are being divided since this case really developed into an accounting case.

"*I realize this is a departure from the minutes which I made on September 12, 1961, in that the case should stand for argument.* I am not foreclosing argument. I would assume that counsel for the plaintiff and maybe counsel for the defendant will want to file some objections to the conclusions of fact and of law, and it is my suggestion that if those objections are filed that not

only the objections can be argued but also the case itself argued at the same time.

"As I say I am doing this because I think the matter has been delayed too long already.

"Proper Journal Entry in accordance with the conclusions of fact and of law should be submitted for signature as of this date." (Emphasis added.)

The appellee had previously requested the trial court to make written findings of fact and conclusions of law. When the decision was announced the appellant had not submitted its suggested findings and conclusions. This is admitted by counsel for the appellant. This, however, does not constitute a waiver of argument. At most the appellant would be at a disadvantage, upon submission of the case, for not having reduced to writing its requested findings and conclusions, when its adversary had done so. Counsel for both parties were told by the trial court the case would stand for argument. Counsel had no reason to think the decision would be announced without giving them an opportunity to argue the case or object to such procedure. Counsel were led to believe the case would stand for argument at a time agreeable to them and the court.

The appellee contends the appellant waived his right to have the case argued because the record does not show the appellant made any affirmative attempt to exercise its right to argue. In *Boucher v. Roberts*, 187 Kan. 675, 359 P. 2d 830, the court said:

"It is true that each party has the absolute right to have his case argued by counsel before the decision is rendered, whether it be tried to a court or a jury. However, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel has not waived the right by silence or acquiescence. The record should affirmatively show that permission to argue was refused. . . .

"The approved practice of dealing with trial errors is to make timely objection to them as they arise. Fairness to the court should prompt counsel to call attention to such errors reasonably, and he may be held to waive his right to relief where his conduct, expressions or silence shows acquiescence in an erroneous declaration of law or evinces a purpose to take advantage of unguarded expressions that would have been promptly corrected if pointed out. . . ." (p. 678.)

In the recent decision of *Browning v. Lefevre*, 191 Kan. 397, 381 P. 2d 524, after the evidence had all been presented, the trial court announced that it was ready to rule and then proceded to render judgment. The appellants contended they were denied the right to have their case argued. In the opinion the court said:

"It is admitted by plaintiffs that no specific request to argue was made, but it is contended there was not even an opportunity to do so with the court

announcing its ruling immediately after both sides rested their case, and reliance is had upon *Richa v. Wichita Precision Tool Co.*, 190 Kan. 138, 373 P. 2d 201, dealing with the question of the right of counsel to be heard. We adhere to what was there said and held, but the facts and circumstances of that case distinguish it from the one before us. Here there is nothing in the record to show that permission to argue was refused. When the court announced that it was ready to rule counsel remained silent. Argument was had at the hearing on the motion for a new trial. Our conclusion is that with respect to this point plaintiffs' contention is without substantial merit and cannot be sustained." (p. 400.)

In each of the forgoing cases counsel was present in court and knew or had reason to know that his client's right to have his cause argued was being jeopardized, but made no affirmative effort to argue, to insist upon the right to argue, or to object.

In the instant case silence by counsel for the appellant out of court for a period of six months, under the circumstances heretofore stated—where the court affirmatively announced the case would stand for argument—does not constitute a waiver of the right to argue.

Our decision is controlled by *Richa v. Wichita Precision Tool Co.*, 190 Kan. 138, 373 P. 2d 201, where many authorities are cited and discussed. There the plaintiffs had requested the trial court to make findings of fact and conclusions of law. The trial court announced that the plaintiffs would be required to submit suggested findings and conclusions and gave the defendant an opportunity to submit them if it cared, and then said oral argument would be permitted, concluding: "At that time we will set up a date and have argument. Is that satisfactory?" (p. 140.) Findings and conclusions were submitted by both parties, and thereafter, without previous notice to counsel, without argument by counsel and without a transcript being prepared, the court announced its findings of fact and conclusions of law. The trial court found generally for the plaintiffs and against the defendant, and in its last conclusion of law stated that the plaintiffs were entitled to judgment against the defendant. The foregoing action on the part of the trial court was held to constitute reversible error.

As in the *Richa* case, the appellant here raised the question concerning its right to argue the case in its motion for a new trial, in its notice of appeal, and in its specifications of error, thus squarely presenting the question for review.

Our system of jurisprudence is founded on the proposition that every litigant has a right to be heard. The right to be heard

carries with it the absolute right to be represented by counsel, and the right of counsel to assist the court by oral argument in analyzing the evidence and in applying the law. The right of a party to have his cause argued by counsel *before the decision is rendered* is not fulfilled by an offer of the trial judge to permit argument after the decision is rendered. This gratuitous offer by the trial judge was nothing more than an admission that counsel desired oral argument before the decision was rendered, and that counsel had not waived the right to such argument.

Upon the facts presented by the record in the instant case, the appellant was denied the right to argue the merits of this case, and, under the circumstances presented, we hold it did not waive that right by either silence or acquiescence. The trial court should have heard counsel on the issues of fact and law applicable, and erred in failing to do so.

The record presented in this case is such that upon remand a retrial of the evidence would be of little benefit. Most of the evidence is documentary and the testimony of the parties with respect to the transaction is quite complete. The judge of division No. 3 of the district court of Shawnee County is now retired, and the new judge is directed to review the evidence presented by the transcript. The case will then have the status of one which stands ready for argument, and the court should proceed to set the matter for argument and determine the case.

Our decision should not be construed as an approval or disapproval of either the findings of fact and conclusions of law or of the judgment.

The judgment of the lower court is reversed and the case is remanded with directions to proceed as above stated to determine the case.

PRICE, J., not participating.