No. 46,284

WILLIE G. COLLINS, *Appellant*, v. KANSAS MILLING COMPANY, and MILLS MUTUALS, *Appellees*.

(485 P. 2d 1343)

Opinion filed June 12, 1971.

*George E. McCullough* of McCullough, Parker, Wareheim, LaBunker and Rose, of Topeka, and *James S. Phillips,* of Wichita, argued the cause and were on the brief for the appellant.

*Byron Brainerd* of Weigand, Curfman, Brainerd, Harris and Kaufman, of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This is an appeal from a judgment of the district court denying an award previously entered by the Kansas workmen's compensation director.

The examiner who heard the evidence denied the claim on the ground that claimant failed to show by substantial competent evidence he suffered personal injury by accident arising out of his employment.

The director on review found claimant had suffered personal injury by accident arising out of his employment and entered a substantial award in claimant's favor.

The respondents, appellees herein, appealed from this award to the district court, and the district court in reversing the director entered judgment against the claimant.

The claimant appeals.

Since the decision in this case is based purely on a procedural matter the facts concerning the merits of the claim are of little importance. Suffice it to say Mr. Willie G. Collins claims his back was injured in a fall on October 27, 1967, while working for the Kansas Milling Company.

Here claimant asserts he was denied the opportunity to be heard in the district court, in that he was not given an opportunity to have his cause argued by counsel before a decision was rendered reversing the director's award. We are inclined to agree.

The workmen's compensation act requires the district court to hear a workmen's compensation appeal when the procedural requirements for such an appeal are complied with.

K. S. A. 1968 Supp. 44-556, in effect when the case was heard by the district court, provided:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. Such appeal shall have precedence over all other hearings except those of like character, and *shall be heard* not later than the first term of said court after the appeal has been perfected." (Emphasis added.)

We will first review the facts and circumstances leading up to the decision denying the award without benefit of argument.

The appeal was to the district court of Sedgwick County. Respondents' attorneys were from Wichita. Although claimant had retained local counsel in Wichita, his counsel who was handling the case was from Topeka. The case was originally set for hearing in Wichita on October 10, 1969, and claimant's Topeka counsel was notified. Then on October 6, 1969, claimant's counsel was notified by telephone that respondents' counsel had a conflict and he would arrange for a continuance of the matter. Notice of the new hearing date was to be given later. Claimant's Topeka counsel consented to the continuance and wrote respondents' attorneys in Wichita suggesting other dates for argument. A copy of the letter was mailed to the assignment judge. Claimant's Topeka counsel heard nothing further until 1:30 p. m. on October 24, 1969, when

he received a phone call from local counsel in Wichita. The matter had been set for hearing at 2:00 p. m. that same day. Local counsel was not prepared to attend and had no previous notice of the setting.

At 2:00 p. m. respondents' Wichita counsel appeared before the judge in Wichita and made oral request for a continuance. The request was denied. The matter was then submitted to the court without argument and taken under advisement.

Shortly thereafter Topeka counsel called the judge to which the case was assigned and advised him that he had no notice of the setting, that he wanted to argue the matter before the court and that he requested the matter be reset for argument. No decision on this request was made or communicated over the phone.

On November 4, claimant's Topeka counsel talked to the judge who was handling the case and the judge indicated no decision on the matter had been reached.

On November 13, 1969, claimant's Topeka counsel received the following letter from the court:

"District Court
Eighteenth Judicial District
Division Number Six
Wichita, Kansas
November 13, 1969
"Re: Collins v. Kansas Milling Co., *et al* C-17467
"Gentlemen:

"This is to advise you that I have conferred with Judge Howard C. Kline in regard to the last setting on the above-reference case, and he informed me that the parties were notified of the trial date. I am sorry if there was some confusion in regard to the time the case was set as I know it was not intentional on the part of anyone. As a result of the fact that the case was set it is necessary to proceed with a decision in regard to the same based upon the transcripts without oral argument of counsel. In order to make the record perfectly clear, Mr. Brainerd suggested that the matter be continued, but due to our crowded docket the case has to be disposed of without oral argument.

"After examining the transcripts and the file in this matter, I am adopting the findings of Lee R. Meador as the findings of this court. Based upon said findings it is the order of the Court that the Claimant did not show by a preponderance of the evidence that he suffered personal injury as alleged, and there is no liability on the part of the Respondent or Insurance Carrier to provide compensation or medical expense."

The question presented to this court is whether the claimant should be afforded the opportunity to be heard and defend the award entered by the director.

The essential elements of due process of law in any judicial hearing are notice and an opportunity to be heard and defend in an orderly proceeding adapted to the nature of the case. (*Rydd v. State Board of Health*, 202 Kan. 721, Syl. ¶ 3, 451 P. 2d 239.)

In *Richa v. Wichita Precision Tool Co.*, 190 Kan. 138, 373 P. 2d 201, we said:

". . . We adhere to the theory that substantial justice is not done unless a litigant is given an opportunity to be heard. Unless counsel on timely request is given the right to analyze the facts and present his theory as to the application of the law, the litigant has not been heard. The right to be heard is a matter of both private and public consequence. Argument by counsel has always been considered, by the courts of this state, and should continue to be considered as an effective aid in rendering justice." (p. 145.)

This court has stated many times that each party has the absolute right to have his cause argued by counsel before a decision is rendered, whether the matter is tried to the court or a jury. However, in order to predicate error upon the refusal to allow argument it must appear that counsel has not waived the right by silence or acquiescence. (*Richa v. Wichita Precision Tool Co.*, supra; *Farmers Union Central Cooperative Exchange v. Tomson*, 192 Kan. 274, 387 P. 2d 202; *Callan v. Biermann*, 194 Kan. 219, Syl. ¶ 1, 398 P. 2d 355.) One further requirement should be noted. It has been held that a judgment entered in the absence of counsel may be binding where circumstances indicate counsel was notified of the hearing date in proper time but failed to appear because of inexcusable neglect. (*Buchanan v. Insurance Co.*, 94 Kan. 132, 146 Pac. 411; *White v. Southern Kansas Stage Lines Co.*, 136 Kan. 51, 12 P. 2d 713; *Brenneisen v. Phillips*, 142 Kan. 98, 45 P. 2d 867.)

In the present case there are no circumstances to indicate waiver of the right to argue because of silence, acquiescence or inexcusable neglect. Notice of the time of the hearing was received by claimant's counsel only thirty minutes before the case was to be heard. The distance from Topeka to Wichita precluded counsel from attending the hearing on such short notice. Local counsel in Wichita had not handled the case and could not adequately prepare to argue the case on such short notice, even though he may have been physically able to attend. We hold each party in a workmen's compensation hearing has an absolute right to have his cause argued by counsel before a decision is rendered by the district court; however, in order to predicate error upon the refusal to allow argument it must appear that counsel did not waive the right by

silence, acquiescence or inexcusable neglect. In the present case the district court failed to afford counsel for claimant the opportunity to be present and argue claimant's cause. This right was not waived.

In fairness to the district court we might say its delay, hesitation and final refusal to hear oral arguments may be explained by its awareness of the law declared in *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P. 2d 447; *Bushman Construction Co. v. Schumacher*, 187 Kan. 359, 356 P. 2d 869, and *Norcross v. Pickrell Drilling Co.*, 202 Kan. 524, 449 P. 2d 569. In those cases we pointed out the absence of provisions for post-judgment motions in the workmen's compensation act, and we held the district court has no authority to vacate or modify an award once it is made and entered.

However, this limitation does not apply on remand from this court. The reason for the limitation and the difference and distinction on remand was explained and justified in *Fisher v. Rhoades Construction Co.*, 190 Kan. 448, 375 P. 2d 711. There we said:

"When the district court on remand of a compensation case has modified its findings or made them more specific as directed by the Supreme Court, it necessarily follows that the district court has authority to carry out the mandate. In such situation the rights of the parties are completely safeguarded. If they are dissatisfied they may again appeal to this court. To hold otherwise would thwart substantial justice, and preclude the district court from correcting manifest error in a previous decision. Such is the inherent power of our courts so that they may do substantial justice and not become objects of disrepute.

"The authority of the Supreme Court to remand a cause to the district court to make specific findings or to correct an award in a compensation case is not without precedent. [Citations omitted.]" (p. 451.)

The judgment is reversed with directions to vacate the order denying the award and to reset the matter for hearing so as to permit oral arguments in accordance with the views expressed herein.