No. 43,212

Charles C. Browning, Jr., Aileen J. Browning, Merle Speer and Eula Speer, *Appellants,* v. H. W. Lefevre, Martha Lefevre, Joseph F. Rumsey, Myrtle N. Fair, Dorris Fair Carey, Dorris Fair Carey, Executrix Estate of Robert M. Carey, E. C. Moriarty, A. M. Buzzi, Walter R. Burdge, Trustee Estate of John Kelly; J. O. Wilson, June H. Wilson, Arnaud Joseph Wilson, Carl H. Nelson, Odor-Aire, Inc., a Kansas Corporation, and Big D Chemical Co., an Oklahoma Corporation, *Appellees.*

(381 P. 2d 524)

Opinion filed May 11, 1963.

*Emmet A. Blaes,* of Wichita, argued the cause, and *Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Loren B. Corliss* and *Charles M. Kline, Jr.,* all of Wichita, were with him on the briefs for the appellants.

*Paul R. Kitch* and *Carl T. Smith,* both of Wichita, argued the cause, and *Wayne Coulson, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson* and *David W. Buxton,* all of Wichita, were with them on the briefs for the appellees.

*Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

The opinion of the court was delivered by

PRICE, J.: This was an action in the nature of an equitable proceeding by minority stockholders of a Kansas corporation seeking to set aside the sale of certain shares of the corporation's stock, and for injunctive and other relief.

The trial court found generally for defendants, and rendered judgment accordingly. Plaintiffs have appealed.

Briefly summarized, the background of the matter is this:

Odor-Aire, Inc., hereinafter referred to as the company, was a Kansas corporation engaged in the manufacture of chemical products. Its office and plant were in Wichita. Plaintiff, Charles C. Browning, Jr., was president and chairman of the board. The company was experiencing internal and financial difficulties, and in the spring of 1961 Browning was removed from any position of authority. The articles of incorporation contained a first-option provision whereby any stockholder who desired to sell his shares of stock was required first to offer them for sale to the remaining stockholders. The articles also contained a provision which reserved to the company the right to amend, alter, change or repeal any provision contained in the articles, and provided that all stockholders, directors and officers were subject to such provision. In the meantime various negotiations were being carried on by the stockholders relative to the possible sale of stock. Apparently the financial affairs of the company were going from bad to worse. On September 18, 1961, the board adopted a resolution eliminating the first-option provision from the articles of incorporation and called a meeting of the stockholders to vote on the proposition. On October 13, 1961, the first-option provision was repealed by a majority vote of the stockholders. On the same day the Big D Chemical Co., an Oklahoma corporation, offered to purchase all of the common stock of the company, including plaintiffs'. The sale was not consumated. On November 8, 1961, the Oklahoma company purchased the majority stock, and on March 19, 1962, the board of directors of the company voted to merge it with the Oklahoma company.

On March 30, 1962, plaintiff Browning and other minority stockholders filed this action seeking to set aside the sale of shares of stock to the Oklahoma company; to impose a constructive trust upon the stock so sold; to compel the sale of those same shares to plaintiffs, and to enjoin the merger of the company with the Oklahoma company. An *ex parte* order restraining the merger was ob-

tained. After a hearing the restraining order was dissolved and plaintiffs' motion for a temporary injunction was denied. As heretofore stated, after hearing the evidence the trial court found generally for defendants and rendered judgment accordingly.

In their briefs plaintiffs contend:

1. The trial court erred in failing to allow plaintiffs to be heard on the merits of the case and in ruling adversely to them without giving them an opportunity to argue on the merits.

2. Provisions in articles of incorporation or bylaws restricting or prohibiting the sale or transfer of a corporation's stock to an outsider until other stockholders have been given an opportunity to purchase are contractual in nature and binding upon each stockholder, and such provisions commonly referred to as first-option provisions cannot be altered or repealed without the assent of all stockholders, and any attempted sale in violation of these provisions is null and void.

3. Kansas law does not permit the merger of two corporations when the plan of merger would prejudice the rights of minority stockholders of the domestic corporation and unjustly enrich the stockholders of the foreign corporation.

4. A merger of a Kansas corporation into a foreign corporation is not permitted under Kansas law (G. S. 1949, 17-3705).

On the other hand, in support of the trial court's judgment, defendants contend:

1. Counsel for plaintiffs was not denied permission to argue the merits of the case.

2. The contract between plaintiffs and the other stockholders provided that the first-option provision in the bylaws could be repealed by a majority vote of the stockholders, and that such was done.

3. The proposed merger of the company with the Oklahoma company is authorized by Kansas law.

4. The trial court correctly held that plaintiffs were not entitled to equitable relief because of their unclean hands, waiver, equitable estoppel and laches.

Concerning plaintiffs' first point—that counsel was denied the right to argue the cause on its merits—the record shows that after defendants rested their case the court inquired of plaintiffs if they desired to offer any rebuttal evidence. Counsel replied in the negative—whereupon the court stated:

"The Court is ready to rule. The Court renders judgment for the defendants for costs."

It is admitted by plaintiffs that no specific request to argue was made, but it is contended there was not even an opportunity to do so with the court announcing its ruling immediately after both sides rested their case, and reliance is had upon *Richa v. Wichita Precision Tool Co.*, 190 Kan. 138, 373 P. 2d 201, dealing with the question of the right of counsel to be heard. We adhere to what was there said and held, but the facts and circumstances of that case distinguish it from the one before us. Here there is nothing in the record to show that permission to argue was refused. When the court announced that it was ready to rule counsel remained silent. Argument was had at the hearing on the motion for a new trial. Our conclusion is that with respect to this point plaintiffs' contention is without substantial merit and cannot be sustained.

No special findings were made. The court merely found generally in favor of defendants. The rule is that a general finding determines every controverted question of fact in support of which evidence was introduced and raises a presumption that the trial court found all facts necessary to sustain and support the judgment. (*Dryden v. Rogers*, 181 Kan. 154, 157, 309 P. 2d 409; *Manville v. Gronniger*, 182 Kan. 572, 577, 322 P. 2d 789.) In the situation presented our function is not to speculate on the basis of the judgment but to determine whether the judgment as rendered is sustained by the record. (*Hamilton v. Binger*, 162 Kan. 415, 424, 176 P. 2d 553.)

Here the plaintiffs sought equitable relief. Defendants' answer asserted equitable defenses and they contend the general judgment resolved all disputed factual issues in their favor, thus warranting the trial court in finding that plaintiffs were not entitled to resort to a court of equity because of their unclean hands, waiver, equitable estoppel and laches. Plaintiff Browning was the only witness for plaintiffs. With respect to the application of the first-option provision in question and examination of the record discloses prior dealings and conduct on his part directly inconsistent with his position subsequently taken. The doctrine of equitable estoppel requires consistency of conduct, and a litigant is estopped and precluded from maintaining an attitude with reference to a transaction involved wholly inconsistent with his previous acts and business connection with such transaction. (*Lillard v. Johnson County*, 102 Kan. 822, 825, 172 Pac. 518; *Lillard v. Johnson County*, 106 Kan. 479, 188 Pac. 223; *Antrim v. International Life Ins. Co.*, 128 Kan. 65, syl. 5, 275 Pac. 1084.)

The record further establishes that the trial court was fully justi-

fied in concluding that Browning testified falsely as to material facts—thus precluding him and his colitigants from seeking and obtaining equitable relief. It is a universal rule that "equity can be invoked only by one who comes into court with clean hands."

Our conclusion, therefore, is that the judgment denying equitable relief to plaintiffs is fully supported by the record—and this renders it unnecessary to discuss other questions raised by them.

It should be noted that several of the defendants filed a cross-appeal from certain adverse orders made during the course of the trial. It also should be noted that certain of the defendants have filed a motion to dismiss the main appeal as to them.

In view of our decision affirming the judgment for defendants, there is no occasion to discuss and decide the merits of the cross-appeal or the motion to dismiss. Costs follow the judgment, and are assessed against plaintiffs.

The judgment is affirmed.