[No. 36532.   Department One.   May 16, 1963.]

BARRY J. RICHARDS, *Respondent*, v. TYEE LUMBER & MANUFACTURING COMPANY, INC., *Appellant.**

*Little, Palmer, Scott & Slemmons*, for appellant.

*Allen, DeGarmo & Leedy*, by *Stuart G. Oles*, for respondent.

ROSELLINI, J.—This is an action brought by a prime contractor against a material supplier for the recovery of an alleged overpayment made by mistake and for the recovery of damages caused by the delivery of allegedly defective materials. The supplier claimed offsets for the delivery of materials over and above those required by its agreement. The cause was tried to the court, which found in favor of the plaintiff and denied the defendant's claim of offsets.

The first contention on appeal is that the court committed error in denying to the defendant its right to argument by counsel at the close of the evidence. The trial court announced, when both sides had rested, that it was prepared to deliver its findings without hearing final argument. No objection was made by either counsel.

* Reported in 381 P. (2d) 740.

Rule of Pleading, Practice and Procedure 51.08W, RCW Vol. 0, provides *inter alia*, that after the charge shall have been given to the jury, the plaintiff, by himself or one counsel, may address the court and jury upon the law and facts, after which the adverse party may address the court and jury in like manner.

█ This provision of the present rule is couched in language substantially the same as that contained in its predecessor, Rem. Rev. Stat. § 308-4, Rule IV; Bal. Code § 4993 (5). In construing the latter provision, we have held that the right to address the court and jury on the facts and the law is one which may be waived. *Seattle & Montana R. Co. v. Roeder*, 30 Wash. 244, 70 Pac. 498; *Voss v. Bender*, 32 Wash. 566, 73 Pac. 697.

The rule does not, by its terms, apply to actions tried to the court without a jury; but we will assume that the defendant is correct in its contention that RCW 4.44.060, providing that the order of proceedings on a trial by the court shall be the same as provided in trial by jury, makes it applicable. Nevertheless, the defendant cannot now be heard to say that it was denied its right to argue to the court, inasmuch as it did not attempt to assert that right when the court proposed to dispense with oral argument. By remaining silent and not giving the court an opportunity to correct its error, if error there was, the defendant waived its right and is now foreclosed from asserting error in this regard.

In regard to the factual issues involved in the suit, the defendant contends that the court erroneously found that defective window sash had been delivered, as claimed by the plaintiff, and that the defendant had not supplied "extras" (in addition to its contract commitment), as it claimed. We have studied the record and find that the testimony and other evidence on both of these issues are in conflict, and that there is substantial evidence to support the trial court's findings. It would serve no useful purpose to detail this evidence here.

It is also contended that the plaintiff should not be awarded damages for the defective condition of the sash,

inasmuch as the plaintiff failed to give timely notice of the "breach of promise or warranty," as required by RCW 63.04.500. Assuming that the defendant is correct in its theory that the sales act applies to a contract of the type involved here, it is again confronted with a factual issue decided by the trial court adversely to its contention. Having heard the evidence, which was in direct conflict, and observed the demeanor of the witnesses on the stand, the trial court refused to find that notice of the defective condition of the sash was not given within a reasonable time after its discovery. The determination of this factual question was likewise within the province of that court.

The defendant's final contention is that the court erred in allowing interest on $10,000 which it tendered to the plaintiff on February 10, 1960, with a letter stating, in effect, that further adjustments might be made after further review of the facts by the defendant. This was considerably less than the total amount of overpayment made by the plaintiff, which, according to the trial court's finding, was $17,829.70. The plaintiff rejected the tender. The record does not reveal whether it was kept good.

The record also fails to show that the theory now argued by the defendant was ever presented to the trial court in any form. Nowhere does it appear that the trial court was asked to pass on the question whether interest on this $10,000 should be deducted from the amount of the judgment. As we have consistently said, we do not review the trial court's actions as to questions not brought to its attention. *Kane v. Smith*, 56 Wn. (2d) 799, 355 P. (2d) 827, 84 A.L.R. (2d) 660.

We take note of the fact that the attorneys who have prosecuted this appeal were not the defendant's counsel at the trial and are, of course, not responsible for any omissions which may have occurred there.

The judgment is affirmed.

OTT, C. J., HILL, and HUNTER, JJ., and DAWSON, J. Pro Tem., concur.

---

July 16, 1963. Petition for rehearing denied.