No. 43,807

E. W. HENDRIXON, *Appellant,* v. HOMER SCHEMAHORN, *Appellee.*
MAX HAMILTON, *Appellant,* v. HOMER SCHEMAHORN, *Appellee.*

(396 P. 2d 352)

Opinion filed November 7, 1964.

*H. Lee Turner,* of Great Bend, argued the cause, and *J. Eugene Balloun* and *James L. Berglund,* of Great Bend, were with him on the briefs for appellants.

*Shelley Graybill,* of Elkhart, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: These were actions to recover damages for personal injuries arising out of an automobile accident. Individual actions were brought by appellants E. W. Hendrixon and Max Hamilton, plaintiffs in the district court, against appellee-defendant, Homer Schemahorn. Since the actions involved the same facts, the cases were consolidated for trial. A jury was waived and the case was tried by the district court. No request for findings of fact and conclusions of law was made by any of the parties, and the court made none. After both parties had introduced their evidence and rested, the court took the matter under advisement, and on August 9, 1963, made a general finding in favor of the defendant and entered judgment accordingly. Post trial motions were filed, including a motion for a new trial, which were overruled, and the plaintiffs have appealed.

At the outset, it may be said the appellants concede that if the general finding of the district court in favor of the defendant is sustained by substantial evidence, the judgment must be affirmed.

On the evening of May 30, 1953, Max Hamilton, an 18-year-old boy and a resident of Cheney, and a friend, Gerald Rodman, a 17-

year-old boy, also a resident of that city, were driving around Cheney with E. W. Hendrixon, a man seventy-two years of age, who was the city marshal of Cheney and a deputy sheriff of Sedgwick County. Hendrixon owned his own automobile with a red light on it, which he used to perform his duties as marshal. He had parked his car that evening and was riding with Hamilton and Rodman in Hamilton's parents' car. He had on a green uniform and an officer's cap and was wearing a gun belt and gun. Homer Schemahorn, an 18-year-old boy, lived with his parents on a farm near Milton, a town about 20 miles south of Cheney.

About 10:00 o'clock on the evening of May 30, 1953, Schemahorn drove into Cheney at a speed not over 20 miles an hour, made a "U" turn, and left town driving south toward Milton at a speed of about 50 to 60 miles per hour. Hendrixon directed Hamilton to pursue Schemahorn's car, and a chase ensued. About five or six miles south of Cheney, Schemahorn noticed a car following him with the lights blinking. The car passed him and stopped in the middle of the road and he could tell there were three people in the car, but he had no idea who they were. He saw the right-hand door open and a man's leg stick out and he became frightened because he had been chased out of Cheney a year or two before by teen-age Cheney boys, and because he had read in the paper about somebody getting beat up. When the car stopped, Schemahorn did not stop, but was driving "real slow." When he saw a man's leg stick out of the car ahead, he put his car in second gear, passed the parked car and attempted to lose it, driving at a high rate of speed on a circuitous route to Milton.

The chase continued for several more miles at a high rate of speed over dusty county roads under the direction of Hendrixon and Hamilton was following his instructions. Some distance south of where the Hamilton car stopped, the road went over a railroad grade crossing. As the Hamilton car went over the crossing, its speed was such that it flew through the air for a short distance. After crossing the railroad tracks there was more dust at that point and Hamilton speeded up to 50 or 60 miles an hour which was admittedly faster than road conditions warranted.

The road on which the cars were traveling had an unmarked "T" intersection some distance south of the railroad crossing and Schemahorn slowed down and went around the corner about five

miles per hour with his headlights on. At this point, the Hamilton car was trailing him about three-quarters of a mile. Hamilton failed to see the "T" intersection in time to stop or turn and slid into the ditch and field. Both plaintiffs were severely injured.

After turning the corner at the intersection, Schemahorn drove about a mile to a highway eating place known as "Soupee's" corner, and drank a milk shake. After about 15 or 20 minutes he heard there had been an accident and he went to the scene where he learned that the city marshal of Cheney was in the car, and he later learned that the car involved was the one following him.

The accident was bothering Schemahorn and he had no idea why the marshal was following him. On Monday following the accident, he went to see the banker who wrote his automobile insurance and the banker advised him to go see the mayor of Cheney, which he did.

The plaintiffs' witnesses testified that Schemahorn was speeding on the streets of Cheney on the evening of May 30, but he was never prosecuted for any of the traffic violations charged by their testimony.

The plaintiffs contend there was no substantial, competent evidence to support the district court's general finding in favor of the defendant. We do not agree. It is unnecessary here and it would unduly lengthen this opinion to set forth in detail the evidence of the parties. It is sufficient to say the plaintiffs' evidence was to the effect that the defendant was speeding on the streets of Cheney; that Hendrixon saw him commit the offense and that he commandeered Hamilton's car to pursue the defendant so Hendrixon could arrest him for that offense; that the chase ensued for several miles over dusty county roads, and that in making the pursuit, Hamilton failed to see the unmarked deadend "T" intersection and the car went into the ditch.

The defendant's evidence was to the effect that he was not driving at an unlawful rate of speed in Cheney; that he did not know the city marshal was in the car following him until after he visited the scene of the accident, and that he had no reason to believe he was being pursued by the marshal for the purpose of arresting him.

It is a well-established rule of this jurisdiction that where a case is tried by the district court and a general finding is made in favor of the defendant and no special findings are requested or made,

the general finding determines every controverted question of fact in support of which evidence was introduced, and that a general finding by a district court raises a presumption that it found all facts necessary to sustain and support the judgment. (*Dryden v. Rogers*, 181 Kan. 154, 157, 309 P. 2d 409; *Nauman v. Kenosha Auto Transport Co.*, 186 Kan. 305, 308, 349 P. 2d 931; *Browning v. Lefevre*, 191 Kan. 397, 400, 381 P. 2d 524; *Wycoff v. Board of County Commissioners*, 191 Kan. 658, 672, 383 P. 2d 520.)

It is equally well settled that in considering evidence on appellate review, a verdict or finding made by the trier of the facts and supported by evidence will not be disturbed on appeal and that findings of fact necessarily embraced in the general judgment rendered by the district court will not be disturbed if there is some, though controverted, evidence to sustain it. (*Dryden v. Rogers*, supra, pp. 154, 157; *Curry v. Stewart*, 189 Kan. 153, 155, 368 P. 2d 297; *Nichols Co. v. Meredith*, 192 Kan. 648, 652, 391 P. 2d 136.)

In considering the appellants' contention, it is sufficient to say that the evidence was conflicting, but implicit in the district court's judgment was a finding that the events which gave rise to the chase did not create an emergency and that Hendrixon was not justified in commandeering the Hamilton car as an emergency vehicle. Certainly, there were no facts or circumstances giving rise to the commission of a felony, and under the plaintiffs' evidence the most that can be said is that the defendant committed a misdemeanor, but the district court's general finding in favor of the defendant was to the effect that he did not violate the law and there was no occasion for Hendrixon to pursue.

We have fully considered the record and find there was substantial, competent evidence to support the district court's general finding in favor of the defendant and we are compelled to affirm the judgment.