No. 43,905

DENNIS E. CALLAN and EDWARD J. CALLAN, *Appellants*, v. DR. W. J. BIERMANN, *Appellee*.

(398 P. 2d 855)

Opinion filed January 23, 1965.

*Aubrey J. Bradley, Jr.*, of Wichita, argued the cause, and *E. Lael Alkire, Richard B. Clausing* and *Robert A. Coldsnow*, all of Wichita, were with him on the briefs for the appellants.

*Darrell D. Kellogg*, of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson, H. W. Fanning, Richard C. Hite*, and *Roger Sherwood*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action filed by plaintiffs (appellants) Dennis E. and Edward J. Callan against W. J. Biermann, defendant (appellee), to recover property damage sustained by reason of the alleged negligence of the defendant. The action was tried before the court without a jury, and judgment was entered for the defendant. Plaintiffs have appealed. The pertinent portion of the record follows.

It is unnecessary to narrate the pleadings. It was stipulated the plaintiffs were co-owners of the automobile in question. Plaintiffs alleged they sustained damage to their automobile by reason of the negligence of the defendant. Defendant alleged that the driver

of the plaintiffs' automobile was guilty of negligence which was the proximate cause of the accident and damage to their automobile.

The evidence disclosed that plaintiffs were driving their automobile in an easterly direction on a two-lane, blacktop street in Sedgwick county. The defendant, after following plaintiffs' automobile a short distance, moved to the passing lane. The testimony is in conflict concerning whether or not plaintiffs' automobile had its left-turn, flashing light on preparatory to making a left turn into a private driveway, and also, as to whether or not as the defendant attempted to pass plaintiffs' automobile, plaintiffs, without signaling, made a left turn into the private driveway just at or immediately prior to the time of the collision.

Plaintiffs' testimony disclosed that the driver of their automobile had turned on the left-turn indicator preparatory to making the left turn. The defendant, called as a witness to testify on behalf of the plaintiffs, stated he had observed no taillight or turning signal, and after observing plaintiffs attempting to turn immediately in front of him, applied his brakes and attempted to pass plaintiffs' automobile on the right side but was unable to do so and struck the rear of plaintiffs' automobile.

At the close of plaintiffs' evidence defendant interposed a demurrer, which was argued by the respective parties, at the conclusion of which the trial court sustained the demurrer as to punitive damages and overruled the demurrer as to actual damages. At this juncture the defendant announced he had no evidence to present, and rested his case. There being no further requests or arguments, the court made a general finding in favor of the defendant that the plaintiffs had failed to sustain the burden of proof necessary to entitle them to recover.

Plaintiffs filed their motion for new trial asserting they were not permitted to make an oral argument after defendant had rested his case, and that the judgment was contrary to the evidence.

As to plaintiffs' first contention, it is true that each party has the absolute right to have his case argued by counsel before the decision is rendered, whether it be tried to a court or a jury. However, in order to predicate error upon the refusal of the court to allow argument, it must appear that counsel has not waived the right by silence or acquiescence. The record should affirmatively show that permission to argue was refused. The approved practice of deal-

ing with trial errors is to make timely objection to them as they arise. Fairness to the court should prompt counsel to call attention to such errors seasonably, and he may be held to waive his right to relief where his conduct, expressions or silence shows acquiescence in an erroneous declaration of law or evinces a purpose to take advantage of unguarded expressions that would have been promptly corrected if pointed out. (*Boucher v. Roberts*, 187 Kan. 675, 678, 359 P. 2d 830; *Browning v. Lefevre*, 191 Kan. 397, 400, 381 P. 2d 524; *Farmers Union Central Cooperative Exchange v. Tomson*, 192 Kan. 274, 387 P. 2d 202.)

The record discloses that the respective parties argued the facts as presented by the plaintiffs on the defendant's demurrer to their evidence, at the close of which the defendant rested without offering any evidence. At this point no specific request by plaintiffs to argue or reargue the facts was made, and the court had but one duty to perform, *i. e.*, weigh the evidence presented and decide the case. This it did. At no time was any objection made to such decision or request for further argument. The question was raised by the plaintiffs for the first time on their motion for new trial. Our conclusion is, with respect to this point, that plaintiffs' contention is without substantial merit and cannot be sustained.

We do not agree with plaintiffs' second contention that the judgment was contrary to the evidence. At the outset it may be stated the well-established rule in this jurisdiction is that where a case is tried to the court and a general finding is made in favor of either party and no special findings are requested or made, the general finding determines every controverted question of fact in support of which evidence was introduced, and that a general finding by the court raises a presumption that it found all facts necessary to support the judgment. (*Hendrixon v. Schemahorn*, 193 Kan. 640, 643, 396 P. 2d 352; *Cain v. Grosshans & Petersen, Inc.*, 192 Kan. 474, 478, 389 P. 2d 839.) Moreover, in considering evidence on appellate review, a verdict or finding made by the trier of the facts and supported by evidence will not be disturbed on appeal, and findings of fact necessarily embraced in the general judgment rendered by the court will not be disturbed if there is some, though controverted, evidence to sustain it. (*Hendrixon v. Schemahorn*, supra; *Nichols Co. v. Meredith*, 192 Kan. 648, 652, 391 P. 2d 136; *Curry v. Stewart*, 189 Kan. 153, 155, 156, 368 P. 2d 297.)

In the instant case plaintiffs, in presenting their case, chose to call defendant as their witness and as a consequence the testimony of the parties was highly conflicting about whose negligence, if any, was the proximate cause of the accident and plaintiffs' resultant damage. Inherent in the trial court's judgment was the finding that defendant was guilty of no negligence proximately causing the collision and plaintiffs' resultant damage.

The judgment of the trial court is affirmed.