BEEHIVE MEDICAL ELECTRONICS, INC., and Soter's Inc., Plaintiffs and Appellants,

v.

SQUARE D COMPANY, Defendant and Respondent.

No. 17546.

Supreme Court of Utah.

Aug. 24, 1983.

R.M. Child, Earl S. Spafford, Bruce La-Var Dibb and Donovan Snyder, Salt Lake City, for plaintiffs and appellants.

William Cayias, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiffs Beehive Medical Electronics, Inc., and Soter's, Inc., brought suit against Square D Company, alleging negligent manufacture of a circuit breaker and strict product liability as a result of a fire on premises owned by Soter's and leased by Beehive. The jury returned a verdict of no cause of action against the plaintiffs. Plaintiffs then moved for a summary judgment notwithstanding the verdict or, alternatively, for a new trial, which motions the trial court denied.

Plaintiffs here appeal the denial of their motions for a new trial, arguing that the use of inaccurate and inconsistent jury instructions constituted error entitling them to a new trial under Utah R.Civ.P. 59(a)(7). Plaintiffs also allege error in that Soter's counsel did not make a final rebuttal argument.

Plaintiffs' contention that they were prejudiced by inaccurate and inconsistent jury instructions was not preserved as a valid assignment of error by reason of their failure to lodge proper objections thereto, as required by Utah R.Civ.P. 51. Rule 51 provides in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction, a party must state *distinctly* the matter to which he objects and the grounds for his objection." (Emphasis added.)

This Court has interpreted the foregoing rule to require that an objection lodged to an instruction be specific enough to give the trial court notice of the very error in the instruction which is complained of and that an objection couched in language such as "the instruction is not suggested by and is contrary to the law," or like terms, lacks the specificity required by the rule.[1] Similarly, the Court has held that an objection on the grounds that the instruction was "confusing, misleading and does not comport with the evidence," does not comply with the requirements of Rule 51 and therefore does not preserve an assignment of error.[2]

In the instant case, plaintiffs' objections were phrased in similar, nonspecific language: the objections on the record to certain instructions are that each instruc-

1. *Employers' Mutual Liability Insurance Co. v. Allen Oil Co.,* 123 Utah 253, 258 P.2d 445, 450 (1953).

2. *Redevelopment Agency of Salt Lake City v. Barrutia,* Utah, 526 P.2d 47, 51 (1974).

tion "is not a correct statement of the law involving the case." Objections to certain other instructions claim that the instructions are "not supported by any evidence in the record." These objections fail to serve the purpose of the rule, which is to put the trial court on notice of error in the instructions and thereby afford the court an opportunity to correct the error before the case is presented to the jury.[3] Expansion on non-specific objections in a motion for a new trial or in a brief on appeal, as plaintiff did in this case, does not cure the lack of timeliness in making proper objections to the trial court. Therefore, on the basis of the objections made at the time of the trial, plaintiffs have not preserved their assignment of error.

■ This Court has occasionally exercised its discretion in the absence of proper objections and reviewed instructions given or not given. But we have said that this should be done "only under unusual circumstances where the interests of justice urgently so demand."[4] This is not such a case.

The entire pertinent record on appeal consists of jury instructions, both those actually given and those requested by the parties; a transcript of plaintiffs' objections to the instructions given; and a transcript of the final arguments. We have before us neither a transcript of the trial nor any other record of the evidence presented by the parties. In these circumstances, the Court will not speculate as to the evidence adduced.

■ Finally, plaintiff Soter's claims that a new trial should be granted because Soter's counsel did not make a final rebuttal argument. This contention is without merit. Counsel for both plaintiffs, Beehive and Soter's, made a final argument to the jury. Counsel for Beehive also made a rebuttal argument. Following Beehive's rebuttal, the trial court addressed the jury. There is no evidence in the record that counsel for Soter's attempted to inform the judge that he wished to rebut, that he objected to

being overlooked or that the court expressly denied counsel the right to rebut. This is also not a case where plaintiffs were not allowed a closing argument at all or where there was no rebuttal. Therefore, by remaining silent and not giving the court the opportunity to correct its error, if error there was, the plaintiff waived its right to rebuttal argument.[5]

Affirmed. Costs to defendant.

OAKS, J., concurs.

STEWART and HOWE, JJ., concur in the result.

DURHAM, Justice dissenting:

Although I agree with the holding of the majority that the plaintiffs failed to preserve their assignment of error by making proper and specific objections at trial, I believe that the instructions in this case were so erroneous and confusing on their face that this Court should exercise its discretion under Rule 51 to review the merits "in the interests of justice."

---

**3.** *Employers', supra* note 1, 123 Utah at 263, 258 P.2d at 450.

**4.** *Williams v. Lloyd,* 16 Utah 2d 427, 403 P.2d 166, 167 (1965).

**5.** *See, e.g., Callan v. Biermann,* 194 Kan. 219, 398 P.2d 355 (1965); *Richards v. Tyee Lumber and Mfg. Co.,* 62 Wash.2d 168, 381 P.2d 740 (1963).